ALBANY,
August, 1821.

STRYKER
v.
MAYOR, &c. of
NEW-YORK.

STRYKER *against* THE MAYOR, &c. OF THE CITY OF NEW-YORK.

IN ERROR, on *certiorari*, to a Justice's Court. The Mayor, Aldermen, and Commonalty of the city of *New-York*, brought an action of debt against *Stryker*, before one of the assistant justices of the city of *New-York*, to recover a penalty of fifty dollars, for breach of an ordinance of the corporation of *New-York*, in acting as a public measurer of grain, within the city and county of *New-York*, without being licensed. The defendant demanded a trial by jury.

At the trial, it was proved that the defendant, who was a licensed measurer of the village of *Brooklyn*, measured grain on board of a vessel made fast to the end of a wharf or dock, on the *East River*, on the *Brooklyn* or *Long Island* shore; and that the vessel lay to the *west* of the usual low water mark. The defendant offered to prove that the county of *Kings* had always exercised jurisdiction over vessels fastened to the wharves or docks in *Brooklyn*; and that the sheriff, coroners, and magistrates of *Brooklyn*, had frequently served process on board of vessels so situated; but the justice refused to hear the evidence. The defendant's counsel read in evidence the act of the legislature, passed *April* 2, 1801, (sess. 24. ch. 108.) vesting certain powers in the freeholders of part of the town of *Brooklyn*, within certain limits, the west line being the *East River*, for the purpose of extinguishing fires, called the " fire district;" and also, an act passed the 12th of *April*, 1806, incorporating the village of *Brooklyn*, and bounding the village by the *East River*; and it was contended that these acts, having been passed since the division of the state into counties, the village of *Brooklyn* had jurisdiction over all docks and wharves on the river, as they then existed. But the justice charged the jury that the jurisdiction of the city of *New-York* extended to low water mark, on the *Long Island* shore, so as to include the place in question; and

*The city and county of New-York includes the whole of the rivers and harbour, adjacent to the city, to actual low water mark on the opposite shores, as the same may be formed, from time to time, by docks, wharves, and other permanent erections; and although the jurisdiction of the city does not extend so as to include such wharves or artificial erections, yet it extends over the ships and vessels floating on the water, though they may be fastened to such wharves and docks Vide the last case.*

the jury accordingly found a verdict for the plaintiffs, on which the justice gave judgment.

*Wells*, for the plaintiff in error, contended, that *Brooklyn* had so long exercised jurisdiction over the wharves and docks in the *East River*, on the *Long Island* shore, and that with the tacit acquiescence of *New-York*, that the latter ought now to be precluded from raising any objection to it. That if *Brooklyn* had such jurisdiction over the wharves and docks, it followed as a necessary consequence, that it extended to vessels attached to those wharves or docks. That this construction was most reasonable, and ought to be adopted, in order to avoid the many evils and inconveniences which would arise from considering vessels so situated as within the jurisdiction of the city of *New-York*. The river, at certain times, is impassable, and the ferry-boats are laid up during the night; and if vessels lying at the wharves at *Brooklyn* are not within the jurisdiction of that place, criminals of every sort, might for a time find an asylum on board of them, and bid defiance to the magistrates and officers of justice.

*Sherman* and *Goodenow*, contra, insisted, that the natural low water mark on the *Long Island* shore, being a fixed and certain boundary, given by the *charter* of *New-York*, could not be changed by any artificial erections of individuals, nor even by the legislature. That even, if it should be admitted that *Brooklyn* had jurisdiction over the wharves and docks or permanent erections on the shore, it did not follow that it extended also to vessels lying on the water of the river, though they might be fastened to those wharves.

*Per Curiam.* This case is clearly distinguishable from that of *Udall* v. *The Village of Brooklyn*, just decided. The city and county of *New-York* includes the whole of the rivers and harbour, to actual low water mark, on the opposite shores; and although permanent erections, such as wharves and store-houses, may, from time to time, vary the line of jurisdiction, yet it cannot be allowed that *Brooklyn* is to be extended by means of a floating vessel in the river,

although she may be fastened to the dock. The vessel, in this case, was in the city of *New-York;* and the defendant below was not licensed *there,* to do the act complained of. The judgment ought to be affirmed.