JANE HASKELL v. THE VILLAGE OF PENN YAN.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1871.)

By section 8 of title III of the charter of the village of Penn Yan (Laws 1864, p. 601), its trustees have power to compel the owners or occupants of the adjacent lots, upon notice, to make the repairs to sidewalks within a time named, and, on default, to cause the repairs to be made, and the expense to be assessed upon, and collected from such owners or occupants. The trustees are also (§ 10, id.) made commissioners of highways, with the power of such commissioners in towns, and to repair streets and sidewalks. By a provision of title 5 of the charter (Laws 1864, 609, § 11), the trustees are to determine the sum to be raised for the year's expense of highways, &c., sidewalks not being expressly specified, and "all other expenses in relation to streets and highways;" and it is afterward declared in the same title (Id., p. 610, § 13), that this fund shall not be "applied or appropriated to any purpose whatever, except such as is specified in this title;" also (Id., § 15) that the trustees shall have power to cause sidewalks, &c., to be repaired, and to determine what portion of the expense shall be paid out of the highway fund, and what by persons benefited; and provision is made for enforcing payment by the latter. *Held*, that the trustees, without first having determined that part of the expense of repairing sidewalks should be paid from moneys raised for highway purposes, might not apply those moneys to such repairs.

*Held*, further, that the duty of the trustees, under the charter, to make and repair sidewalks is not imperative in the first instance.

An ordinance requiring the repairs, &c., and notice to the owner are admissions of a necessity for the work, and upon lapse of the time provided, after notice, on default of the owner, the duty to repair, &c., becomes imperative on the trustees, and the village is liable for injuries happening from their neglect.

It seems, an individual, if chargeable with liability for the injuries, is liable over to the corporation in case of a recovery against the latter.

In an action to recover damages for injury on the ground of negligence of the defendant, no rule of pleading requires the plaintiff to allege his own freedom from negligence.

THIS was a motion for a new trial upon a case, with exceptions, ordered to be heard in the first instance at General Term. The facts are sufficiently stated in the opinion.

*D. Morris*, for the plaintiff, cited *The Mayor of N. Y.* v. *Furze* (3 Hill, 612); *Hutson* v. *Mayor of N. Y.* (5 Seld., 163); *Davenport* v. *Ruckman, &c.* (37 N. Y., 568); *Hyatt* v. *Trustees of Rondout* (44 Barb., 385); *Wendell* v. *The Mayor of Troy* (39 Barb., 329); *Conrad* v. *The Trustees of Ithaca* (16 N. Y. 158).

*D. B. Prosser*, for the defendant, cited *Peck* v. *The Village of Batavia* (32 Barb., 634); *Cole* v. *Village of Medina* (27 Barb., 218); *Herrington* v. *Village of Corning* (51 Barb., 396).

MULLIN, P. J.   This action was brought to recover damages sustained by the plaintiff by reason of a fall on a sidewalk on Court street in the village of Penn Yan in April, 1870, caused by a defect in said sidewalk, which had been suffered to be for a long time out of repair.

The jury rendered a verdict in favor of the plaintiff for fifty dollars, and the court ordered the motion for a new trial on exceptions to be heard in the first instance at the General Term.

The court submitted to the jury whether the sidewalk was

out of repair at the time of the injury, whether its condition was known to the trustees, and whether the plaintiff was guilty of any negligence which contributed to produce the injury of which she complained. All these questions have been found in favor of the plaintiff, and they may be laid out of view in the further consideration of the case.

I will consider the exceptions taken by the defendant's counsel in the order in which they are presented in his points.

The first exception is to the admission of evidence as to the amount of money raised in said village for highway purposes in the years 1868 and 1869. The ground of the objection to the evidence is, that the trustees have no power to appropriate money raised for the repair of streets to any other use or purpose, and hence evidence of the amount raised in any year is wholly immaterial. The objection was well taken.

By section 8 of title 3 of the charter as amended in 1864, the trustees have power to cause the sidewalks to be repaired, and to compel the owners or occupants of any lands adjoining such streets to make such improvements on the sidewalks in front of, or adjoining such lands, and to prescribe the manner of doing the work, and the materials to be used. The trustees are required to serve on the owner or occupant, a notice requiring him or her to make or repair such walk, and specifying the time in which, and the materials with which the work is to be done, and if such owner or occupant does not comply with said notice within sixty days after the time specified in the notice, the trustees may cause such work to be done, and the expense assessed on and collected out of the land in front of, or adjoining to which such work is done, or the amount may be collected by action.

By section 10 of title 5 of the amended charter, the trustees are made commissioners of highways for said village, and are declared to have all the powers of commissioners of towns subject to said act, and they have also the power to repair streets, * * * sidewalks and cross-walks in said village.

It was not the intention of the legislature to repeal by this

section the eighth section of the third title above quoted, as to the manner in which sidewalks are to be made and repaired. The tenth section is to be taken as a mere re-enactment of the power given by the eighth section. That such was the intention is manifested by other provisions of the charter.

By the eleventh section of title 5 they, the trustees, are required as soon as practicable after every annual election, to determine what sum not exceeding $2,000, shall be raised for defraying the expenses of the highways for the ensuing year, and for making, repairing, laying out roads, highways, public drains, sewers and bridges, and all other expenses in relation to streets and highways; although sidewalks are not named as one of the purposes to which the highway moneys may be applied, yet under the provision authorizing their application to all other expenses in relation to streets and highways, they might be used to make or repair sidewalks, but when this provision is taken in connection with the other provisions of the charter the omission to mention sidewalks is significant, and satisfies me that it was not the intention, under this section, to permit the trustees to make or repair sidewalks out of the highway fund.

By section 13 of the same title, the salary of the street commissioner is charged on the highway fund. It is there declared that said fund shall not be applied or appropriated to any purpose whatever except such as is specified in said title.

Section 15 of the same title provides that the board of trustees shall have power to cause cross-walks, and sidewalks, &c., to be made, relaid, amended and repaired, and to determine what portion of the expense shall be paid out of the highway fund, and how much by the persons benefited, and provision is made for enforcing the payment by owners of the portion which they are required to pay.

It will be seen that the charter provides apparently three different ways for repairing the walks in said village, one by the adjoining owners, another by the trustees out of the high-

Haskell *v.* The Village of Penn Yan.

way fund, and another partly out of the fund and partly by adjoining owners.

These several modes cannot all be resorted to. The intention of the legislature was, that sidewalks, &c., should be made and repaired by the owners of adjoining lands, but that, under certain circumstances, the village might assume a part of the expense, and leave the residue to be borne by the owners.

In this case, the trustees imposed no part of the expense of the repair of the sidewalk in question on the highway fund, and, therefore, the whole expense fell on the owner of the land adjoining.

If this is a correct construction of the provisions of the charter, it follows that the trustees had not the power, nor was it their duty, to appropriate any of the moneys of the village to the repair of the walk in question. They had the power to require the owner of the adjoining land to repair it, and in default of his complying with their order, to construct it themselves and collect the expense out of the land, or by action against the owner. They made an order in conformity to the charter, requiring the owner to repair the walk; caused such order to be served, and thus did all the charter required them to do, until the expiration of sixty days from the time specified in the order for the owner to complete the work.

It was, therefore, wholly immaterial in the case how much money was raised in any year, or in any number of years, as none of the moneys so raised could be applied to repair the sidewalk in question, except in a single contingency which did not arise, viz.: That the trustees determined to pay part of the expense out of the highway fund.

So utterly immaterial was this evidence, however, that its reception could not, by possibility, injure the plaintiff. The neglect of duty for which, the court charged the jury, the defendant was liable if at all, was for not repairing the walk after the expiration of the sixty days allowed to the owner to make the repairs. On that issue, the amount of money

raised for highway purposes in any year could have no bearing.

The defendant, after the plaintiff had closed his case, moved for a non-suit on several grounds:

1st. Because there was no allegation in the complaint that the plaintiff was free from negligence, nor was there any evidence tending to prove that she was without fault on her part.

The counsel cites no case holding that a plaintiff is under obligation to insert in his or her complaint, any such allegation, nor that she is required to make any such proof, and I am not aware of any rule of pleading which either requires or permits it. (*May* v. *Princeton*, 11 Met., 442.)

The plaintiff relies for a recovery on the negligence of the defendant. That is the fact which she must aver and prove. The plaintiff's negligence is matter of defence. If proved by him, or herself, a non-suit follows. If not thus proved, it must be affirmatively proved by the defendant. It was held in *McDonnell* v. *Buffum*, by the General Term of the eighth district (31 How. Pr. R., 154), that negligence on the part of the plaintiff need not be set up in the answer, but may be proved under the general denial of the complaint.

Without stopping to inquire whether the proposition thus put forward is entirely correct, it is enough for our present purpose that it holds the concurring negligence of the plaintiff to be matter of defence, and to that extent, I do not doubt its accuracy.

The question whether plaintiff was chargeable with negligence, was distinctly submitted to the jury by the court, and they have found she was not.

If the question was now to be considered as the case stood when the plaintiff rested, the question as to whether plaintiff was chargeable with negligence, and whether such negligence contributed to the injury, was for the jury, unless the evidence was so clear and conclusive as to leave no reasonable doubt as to the negligence, and that it contributed to the injury, in which event, a non-suit would have been proper. The case was properly sent to the jury.

Haskell *v.* The Village of Penn Yan.

The second ground of non-suit relied on by defendant's counsel is, that the complaint alleges that the defendant was bound to compel the construction of sidewalks, and was bound to keep them in repair, and that this allegation was not proved.

The charter does not make the duty to construct or repair sidewalks imperative on the corporation in the first instance. The ordinance of the trustees and notice to the owner to make or repair, are admissions of the necessity of the work. The public have an interest in having it done, and in such case, although the power may be given in language that is permissive and not mandatory, the duty becomes imperative and the public may insist on its performance, and individuals sustaining injury by reason of the neglect to perform, may recover of the corporation the damages sustained by them.

The trustees are, in such case, the servant of the corporation, and it is liable as any master would be for the misconduct of his servant.

If the owner will not make or repair his walk, as required by the trustees, they have power to do the work and reimburse themselves by a sale of the premises adjoining which the walk is made or repaired. The corporation, then, has imposed upon it the duty of doing the work, and ample means to enable it to do it, and thus the only ground of relief from liability (the want of funds) is removed, and the case of the defendant is taken out of the principle acted upon in the case of *Herrington* v. *The Village of Corning* (51 Barb., 396), and kindred cases which have been decided in our courts.

The allegations in the first count of the complaint, that defendant has full power, and is bound to oversee, supervise and compel, the construction of sidewalks, and has power and is bound to keep and cause said sidewalks to be kept in repair, is established by the charter; but the power to be exercised as the charter directs, and not primarily by the corporation with the corporate funds.

The defendant's counsel insists that the court erred in its

refusal to charge that unless the trustees knew the walk was in an unsafe or dangerous condition, and was suffered to remain in that condition, the corporation could not be liable for an accident which might happen in consequence of such defect

The court charged that a village could not be responsible for a sudden injury. If a plank should get out of your bridge to-night, or out of a sidewalk, the village would not be responsible without reasonable notice to repair it. They are only liable for not doing what they are charged with the knowledge of as necessary. The charge is substantially as requested, and the court was not bound to re-state it or to vary it. It was right as given.

It is next insisted that the court erred in ruling and charging the jury, that having passed the resolution directing the building or repair of the walk in question, it was the duty of the trustees, after the expiration of sixty days, to build or repair the walk, and if, after that time, it was left out of repair, any person suffering an injury by reason of that neglect may sustain an action therefor.

I have already stated my reasons for holding, that after the expiration of sixty days from service of notice on an owner or occupant to build or repair a side-walk, it becomes the imperative duty of the corporation to proceed to build or repair it. They are:

1st. That the passage of a resolution requiring a walk to be built or repaired, and the service of notice on the owner or occupant in conformity with the charter, are distinct admissions of the necessity of the work. In other words, that the public interest requires it to be done.

2d. At the expiration of the time prescribed by the charter within which the owner or occupant may do the work, the trustees have power to do it.

3d. They are furnished with means to enable them to do it.

4th. When all these things concur, the duty is imperative on the trustees to do it, and the corporation is liable for injury sustained because it is not done.

I shall assume, without examination, that the owner or occupant is liable; but so is the corporation, provided notice of the defect in the walk is brought home to the corporation, or it has existed long enough to justify the assumption that it knew of it. (*Davenport* v. *Ruckman*, 37 N. Y., 568; *Hutson* v. *The Mayor*, 5 Seld., 163; *Conral* v. *Trustees of Ithaca*, 16 N. Y., 158; *Weet* v. *Village of Brockport*, id., 161; *Congreve* v. *Smith*, 18 N. Y., 79.)

If the corporation is made liable to the person injured, and the owner and occupant is also liable, the former may recover of the latter the damages paid. (Angel on Highways, § 298.)

I have gone through with the several exceptions argued by the defendant's counsel, and I am of opinion that none of them are well taken, and the judgment must be ordered for the plaintiff on the verdict.

Judgment for plaintiff.