## VILLAGE OF FULTON v. TUCKER.

*Highway — sidewalks — owner of adjoining lands not bound to repair.*

Sidewalks are a part of the public highway and the owner of adjoining lands has no greater duty in regard to keeping them in repair than he has in regard to other parts of the highway. Accordingly, where a village was held liable for negligence in allowing a sidewalk to be out of repair, *held,* that in the absence of statute or contract no right of action to indemnify the village lay against the owner of adjoining lands.

APPEAL by plaintiff from a judgment in favor of defendant entered upon the report of a referee.

Village of Fulton v. Tucker.

The action was brought by the village of Fulton against Jenette K. P. Tucker to recover of defendant the amount the plaintiff (an incorporated village) had been compelled to pay upon a judgment recovered against it by one Mary Carr, for injuries received by her in consequence of a defective sidewalk in a street of said village, and in front of defendant's premises.

The only question involved was whether defendant was liable for a neglect to keep such sidewalk in repair. It was shown that in October, 1870, the board of trustees of said village passed an ordinance requiring property owners along the street upon which said sidewalk was, to repair and relay the same within ten days, and caused a notice of the passage of the ordinance to be left at defendant's residence; that at that time the sidewalk was out of repair to defendant's knowledge; that no repairs were made by defendant up to the time the injury to Mary Carr happened, which was in June, 1871. For twenty years prior to 1869 the sidewalk had been maintained by defendant.

The referee found as a conclusion of law that there was no duty or obligation resting upon the defendant to repair said walk in question, and no action could be maintained against her for omission to repair the same.

*E. S. Pardee,* for appellant.

*S. N. Dada,* for respondent.

TALCOTT, J. This action was commenced to charge the defendant with the amount of a recovery which had been had against the plaintiff in an action against it for negligence, in suffering a sidewalk to be out of repair, by means whereof a party had sustained an injury. The theory of the plaintiff's claim for indemnity is that the defendant, as the owner and occupant of the premises adjoining the sidewalk in question, is primarily liable. The referee has dismissed the plaintiff's complaint upon the ground that the defendant is not liable to indemnify the plaintiff. We think the referee has decided correctly. We know of no principle upon which an action of this character can be maintained, unless the duty of keeping the sidewalk in repair has been imposed upon the adjoining owner by some statute or contract. Certainly no such duty is imposed by the common law. Whether the easement enjoyed

by the public has been bestowed by the owner voluntarily, or has been taken from him by proceedings *in invitum*, the extent of the right which the municipal power acquires, in the absence of express contract or legislation imposing the duty of keeping a highway in repair, is simply to the enjoyment of the easement. It is true the authority is usually conferred upon the municipality to assess the expense of the improvement upon adjoining lands. This does not impose the duty of making the repairs and improvements primarily on such owner. On the contrary the village authorities in this case are the parties primarily liable to the duty of making repairs. The provisions of the charter, under which the trustees of the village passed the ordinance to repair the sidewalk on Second street was adopted, whereby the owner of the adjoining premises is authorized, within a specified time, to make the repair at his own expense, simply confer upon such owner the authority which otherwise, it being a public highway, he would not have, to do the work, and thereby save an assessment on his premises. But whether the owner will avail himself of this privilege is optional with him.

It may be conceded that where a party is bound to make certain repairs by contract, or where he himself has created a nuisance in a public highway, then he is primarily liable, and in case the municipality has been compelled to pay damages in such a case it would have a remedy over against the party primarily liable. In such a case the party injured has his option to proceed by action against the town or the author of the nuisance. Angell on Highways, §§ 298, 300.

The cases cited by the plaintiff's counsel may all be referred to the rule, that the party sued as liable to indemnify the municipal corporation was either bound by contract to do the thing, the omission to do which occasioned the injury, or had himself created the nuisance by which such injury was occasioned. The case of *Haskell* v. *Village of Penn Yan*, 5 Lans. 43, did not involve any such question, and the discussion of it was expressly waived in that case as wholly immaterial.

Sidewalks are, as has repeatedly been held, a part of the highway. Whart. on Neg., § 292. The owner of adjoining territory has no greater duty in regard to keeping sidewalks in repair than he has in regard to other parts of the highway. The village has a mode pointed out by which it may be indemnified for the expense of repairs upon its highways. And the method

Village of Fulton v. Tucker.

pointed out is to be pursued for that purpose.    If it suffers its high-
ways to become out of repair, whereby any person has sustained an
injury, for which damages have been recovered against the village,
its remedy is upon its contract, or in case the injury has resulted
from any act done by a third party in the nature of creating a
nuisance or obstruction, such party is liable to indemnify the vil-
lage upon the principles of the common law.    Angell on High-
ways, § 298.

The judgment must be affirmed upon the opinion of the referee.*

*Judgment affirmed.*

*The following is the opinion referred to by Geo. G. French, referee :

It is claimed that primarily the duty to repair was upon defendant, for neglect of which
the plaintiff has been compelled to pay $313.18, and plaintiff asks judgment against defend-
ant for that amount.

The supposed duty of defendant cannot be established by the fact that judgment has
been obtained for the omission to repair against plaintiff.  Such duty by defendant to repair
does not exist at common law.  Shearm. and Redf. on Neg., §§ 346 and 395.  *City of Detroit* v.
*Blakeby*, opinion by CAMPBELL, Ch. J., 2 Alb. Law Jour. 396-398.  The existence of such
duty must be established, if at all, by some contract express or implied, or some settled
rule of law.  The duty of a municipal corporation to maintain streets and sidewalks in
repair, and the liability for any neglect or omission to keep the same in repair, arises from
the provisions of the statute and from an implied obligation so to do in consideration of the
benefits conferred by its charter.  *Hickok* v. *Trustees of Plattsburg*, 16 N. Y. 161 ; *Hines* v.
*City of Lockport*, 5 Lans. 16-21 ; *Haskell* v. *Village of Penn Yan*, id. 43 ; *Ellis* v. *Village
of Louville*, 7 id. 434.  The power vested in a municipal corporation to improve streets
and collect the expenses from the owner of adjacent lots, in proportion to the supposed
benefit conferred, is derived from the sovereign power, to impose taxes for the public
benefit, and not from any supposed obligation or duty of the land owner to make the
required improvements.    *People ex rel. Griffin* v. *Mayor of Brooklyn*, 4 N. Y. 419 ; *Litch-
field* v. *Vernon*, 41 id. 124 ; 2 Abb. Dig. 127, 128 ; No. 258, etc., and cases cited (New
Edition).

Sidewalks are a part of the public streets and subject to the same supervision and
authority.  *Graves* v. *Otis*, 2 Hill. 466; *Ellis* v. *Village of Louville*, 7 Lans. 434-437.  Shearm.
and Redf. on Negligence, p. 443, § 385 and note.  It is believed that the right to enforce col-
lection of expenses incurred in constructing, maintaining, or repairing sidewalks from the
owner of adjoining lands is derived from the sovereign power to impose taxes for a public
improvement to the public highways and streets.  See cases before cited.

It would hardly be contended that for any omission to keep in repair the public streets
opposite to any lot in a city or village, the owner could be made liable to compensate for
injury sustained thereby.

The only statute to which I have been referred is chapter 33 of the Laws of 1862.  In
that statute it is provided, that the trustees of plaintiff have power, and it is their duty
to direct the manner and superintend the construction and repair of sidewalks and cross-
walks within the village of Fulton (§ 28, subd. 15) and to exercise exclusive jurisdiction
over all the streets and to grade and improve the same, and to cause the expenses not other-
wise collected to be assessed and collected from the property benefited (ib. subd. 16) and
to exercise the powers and duties of commissioners of highways of towns, and to direct
the application of the labor to the improvement of the highways (ib. subd. 17.)

Whenever the construction or repair of sidewalks is directed, notice must be given to the
owner or occupant of the lot, of sixty days, if to be constructed of stone, otherwise thirty
days.  If the sidewalk is only to be repaired, but ten days' notice need be given.  (§ 42.)
All expenses incurred in making or repairing sidewalks is made a lien upon the lot "affected
by such improvement " and an indebtedness against the owner (§ 44) and may be enforced

by leasing the lot, (§ 75) and until so re-imbursed may be included in and collected with the ordinary expenses of the village. (§ 12, subd. 7 and 13.) Thus it will be observed the power of plaintiff to cause the sidewalks within the village of Fulton to be made, repaired and improved at the expense of the owners of the lots benefited, is fully provided for.

I do not, however, find any section making it the duty of any lot owner or occupant to construct or keep in repair any sidewalk or other portion of the public streets within the village of Fulton.

In my judgment such lot owner or occupant may, upon receiving the notice before described, elect either to construct or repair the sidewalk to the satisfaction of the trustees, and thereby be relieved from all expense, or suffer the trustees to cause the same to be done, and, in so doing, incur the necessary expenses, and finally submit to taxation to re-imburse the village. If the inquiry had arisen from some excavation or obstruction placed within the street without the contributory fault of plaintiff, the liability of defendant would not be doubted.

The construction of a sidewalk, for the convenience and benefit of the public, under the supervision of the officers, who have the exclusive care and control of the highway, cannot be deemed analogous to the excavation or obstruction caused by private persons, for private uses, on account of· which recovery may be had of the wrong-doer. Shearm. and Redf. on Neg., §§ 154, 358, 359, 363, 419.