ELLEN URQUHART, RESPONDENT, *v.* THE CITY OF OGDENSBURG, APPELLANT.

*Pleading—in an action for negligence, the complaint need not aver the plaintiff's freedom from contributory negligence.*

Although in an action to recover damages, alleged to have been caused by the defendant's negligence, the burden of proof is on the plaintiff to show upon the trial by competent proof that his negligence did not contribute in any degree to the injury complained of, yet it is not necessary for him to specifically allege these facts in the complaint. It is sufficient to aver therein that the injury and damage complained of was caused by the negligence of the defendant; the averment that the negligence of the defendant was the cause of the injury is equivalent to an averment that it was the sole cause.

APPEAL from a judgment in favor of the plaintiff, entered upon an order overruling a demurrer interposed to the complaint by the defendant, on the ground that it did not contain facts sufficient to constitute a cause of action.

The complaint alleged the incorporation of the defendant, and that it was a part of its duties " to properly direct the manner and superintend the building and repairing of the streets, sidewalks and crosswalks in said corporation, and also to direct the manner of

grading, paving, flagging and otherwise improving its sidewalks, crosswalks and highways within the corporate limits of said city and corporation; that on or about November 29, 1879, the said city and corporation, incorporated as aforesaid, disregarding its duties and obligation imposed as aforesaid, with full knowledge and notice thereof, did negligently and carelessly allow, suffer and permit one of the streets and sidewalks of said corporation and city, situate upon and being the street or highway known as Lake street, in said city, at a point near Henry C. Rockwell's furniture shop, to remain and be in an unsafe and dangerous condition, and did, with full knowledge and notice, allow, suffer and permit the said sidewalk and highway to be constructed in a dangerous and unskillful and careless manner; that this plaintiff, while passing along and over said sidewalk and street, constructed and remaining in said unskillful, negligent and careless and unsafe and dangerous manner and condition as aforesaid, did by reason thereof stumble and fall, and was then and there greatly hurt, bruised, wounded, and fracturing and breaking her leg, and became sick and sore and lame, and underwent and now undergoes great pain."

*Edward C. James*, for the appellant.

*Stone & McGuire*, for the respondent.

BOCKES, J.:

It has been uniformly held, that in actions for negligence, it was unnecessary to aver in the complaint that the injury complained of occurred without fault of the plaintiff. (*Haskell* v. *Village of Penn Yan*, 5 Lans., 43, 48; *Wolfe* v. *Supervisors of R. Co.*, 19 How. Pr., 370; *Hackford* v. *New York Central R. R. Co.*, 13 Abb. Pr., N. S., 18; *Richards* v. *Westcott*, 2 Bosw., 589; *Johnson* v. *H. R. R. Co.*, 20 N. Y., 65.) The defendant's counsel admits that such has been the rule of pleading until the present, or until a very recent period. But it is insisted that since the decision in *Reynolds* v. *N. Y. C. R. R. Co.* (58 N. Y., 248), and in *Cordell* v. *New York Central & Hudson River R. R. Co.* (75 Id., 330), which hold that it is a necessary part of the plaintiff's case to show

the absence of contributory negligence on the part of the latter, the rule of pleading is necessarily changed, or rather, that a new rule of pleading is thereby inaugurated.

It is held in these, as well as in earlier and more recent cases, that the burden of proof is on the plaintiff to show that the negligence of the latter did not contribute in any degree to the injury complained of ; and that this must be shown by competent proof. I do not understand that these decisions have established any new principle of law, nor do they in my judgment necessitate any new rule in pleading. Of course, the plaintiff must aver in the complaint every fact requisite to establish the cause of action. But it is sufficient as a matter of pleading to aver that the injury and damage complained of was caused by the negligence of the defendant. This is, in pleading, an averment that the injury was occasioned by the sole negligence of the latter. Judge DENIO strikes this point exactly in *Johnson's case* (*supra*), where he says, " I agree that this " (the absence of contributory negligence on the part of the plaintiff) " is an element in the definition of the cause of action, and that the plaintiff's case, *when presented to the jury*, must not be defective upon that point, any more than upon that of the defendant's negligence." The learned judge adds significantly : " This is embraced in the proposition that the injury must be the result of the negligence of the defendants ; for if the culpable conduct of both parties united in bringing it about, *that proposition is not true.*" Before the jury could find against the defendant, under the averment that the injury was caused by his negligence, they must " be able to say that the injury happened from the negligence of the defendant, to which the plaintiff did not, by any act of his, contribute." (p. 71.) Thus, where it is averred that the injury was caused by the defendant's negligence, it is a part of the plaintiff's case, under that averment, to show himself free from contributory negligence. The remarks of Judge RAPALLO in *Hale* v. *Smith* (78 N. Y., 480), seem in harmony with those of Judge DENIO in *Johnson's case.* He says, that, " in cases where contributory negligence *may be claimed*, it is settled in this court that the absence of contributory negligence is part of the plaintiff's case, and the burden of satisfying the jury on that point rests upon

him." Thus it seems that the rule of law alluded to is one applicable to the condition of the case on the proof, rather than one governing the pleading. This rule has been recognized as sound in law for a great length of time, yet there is no precedent in the decisions for the position held by the appellant; nor do I think it well grounded on the law, as a rule of pleading.

The above was the principal point urged on the argument of this case, but it was also sought to be maintained that the complaint did not aver that the negligence of the defendant contributed to produce the injury. We are of the opinion that the pleading is sufficient in that regard.

In my opinion, the interlocutory judgment must be affirmed, with costs, but the defendant is at liberty to withdraw the demurrer and answer the complaint, on payment of the costs of the Special Term, and of the appeal.

LEARNED, P. J., concurred.

WESTBROOK, J. :

An averment in the complaint that the negligence of the defendant was *the* cause of the injury is equivalent to an allegation that it is the *sole* cause. To establish such an allegation, the absence of contributory negligence by the party injured must be shown, as the cases now hold, but the pleading covers the whole ground.

Present—LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Judgment affirmed, with costs, with leave to withdraw demurrer, and answer over on payment of costs of Special Term and of appeal.