THE ATLANTIC DOCK COMPANY, Respondent, *v.* THE
CITY OF BROOKLYN, Appellant.

*New York County, Boundary—Riot Act—Laws* 1855.

The boundary of territorial jurisdiction between the counties of New York
and Kings is the actual line of low water on the Brooklyn side of East
River.

Appeal from the Supreme Court.   The action was for the re-
covery, under the Riot Act of 1855, of the damages sustained by
the Plaintiffs, through injuries to their property by a mob, on the
15th of July, 1863.   The complaint alleged the facts on which
the claim was based, and the answer consisted of a mere denial of
the allegations.

The cause was tried at the Kings Circuit, on the 15th of June,
1864, before Mr. Justice Lott and a jury, and it resulted in a
verdict in favor of the Plaintiffs for $17,450.66.

It appeared on the trial that the pier injured by the mob was
erected on piles in the basin, below the original line of low-water
mark, on the Brooklyn shore of the East River, and that its foun-
dations were penetrated by the tides.   The dredging-machine,
which was destroyed by the rioters, was floating within the Atlan-
tic basin, and below the original low-water line.

It also appeared that on the 25th of September, 1845, the Plain-
tiffs filed a map of this basin and the adjoining property, in the
office of the Register of Kings county.   It was entitled a map of
property in the Sixth Ward of the city of Brooklyn, belonging to
the Atlantic Dock Company.   It exhibited only the side bulkheads,
the pier not having yet been built.

The Defendants thereupon moved for a dismissal of the com-
plaint, on the grounds:

1. That the property injured and destroyed was not within the
bounds either of the city of Brooklyn or of the county of Kings.

2. That the statute on which the action was based is unconstitutional; that the remedy it provides is uncertain; and that the action, if any, should have been against the county.

The motion was denied, and the Defendants excepted.

The Defendants then requested the Court to instruct the jury that the pier in question was within lands dedicated by the Plaintiffs to the use of the public, and that there could be no recovery in the action for damage thereto. The Judge refused, and the Defendants excepted.

These were the only exceptions taken on the trial. The judgment rendered on the verdict was affirmed on appeal at a General Term in the Second District, and the Defendants appealed to this Court.

*Alexander McCue* for Appellants.

*Nathan Burchard* for Respondents.

PORTER, J.—The statute under which the action was brought is free from constitutional objection (Darlington *v.* Mayor of New York, 31 New York, 164). The pier injured by the rioters was within the limits of the city of Brooklyn. It has been repeatedly adjudged that the boundary of territorial jurisdiction between the counties of New York and Kings is the actual line of low water on the Brooklyn side, whether corresponding with the original low-water line on the East River shore, or varied by the permanent encroachment of docks, piers, and wharves, or other artificial erections for the purposes of general commerce (Stryker *v.* Mayor of New York, 19 Johnson, 179; In the Matter of Furman Street, 17 Wendell, 649, 660; Luke *v.* City of Brooklyn, 43 Barbour, 54; S. C. affirmed in the Court of Appeals, June Term, 1865). The motion to dismiss the complaint was, therefore, properly denied; a cause of action was established by the proof, and a nonsuit would have been plainly erroneous.

It is suggested that damages should not have been included in the verdict for the destruction of the dredging-machine, on the ground that it was afloat on the waters of the Atlantic basin, and without the bounds of the city of Brooklyn. That question is not

before us for consideration.    Our province is simply to determine whether any erroneous ruling was made in the court below, and not to retry the original issue.    The Defendants requested no instruction to the jury on this subject, and they cannot complain of the Judge for omitting to pass upon a question of the law which was not submitted to him for decision.

The Court properly refused to charge that the pier had been dedicated by the Plaintiffs to the use of the public.    Such an instruction would have been wholly unwarranted by the evidence.

The judgment should be affirmed, with costs.

All the Judges concurring, judgment accordingly.

JOEL TIFFANY,<br>State Reporter.