THE MUTUAL LIFE INSURANCE COMPANY of New York, Appellant, *v.* ANNIE VOORHIS and Others, Respondents.

*Land under water — grant of, by the State, to the owner of the adjacent mortgaged upland — not covered by the mortgage, nor by a foreclosure sale.*

A grant from the State of New York of land under water to the owner of the adjacent upland, subsequent to the execution by him of a mortgage upon the upland only, does not subject such subsequently acquired land under water to the mortgage, and the title thereto does not pass by a sale had under a judgment of foreclosure of such mortgage.

*Semble,* that if any right in respect to the land under water is obtained by a sale on foreclosure of a mortgage upon the adjacent upland, as against the mortgagor, it is a right to sue for damages for an injury to the right of the owner of the upland of access to the water.

APPEAL by the plaintiff, the Mutual Life Insurance Company of New York, from a judgment of the Supreme Court dismissing the complaint, entered in the office of the clerk of Rockland county on the 12th day of February, 1892, upon a decision of the court, rendered after a trial by the court at the Rockland Special Term.

The action was brought to have certain land under the waters of the Hudson river, which had been granted by the People of the State of New York to Peter Voorhis, adjudged to be subject to the lien of a mortgage upon the adjacent uplands, made by Peter Voorhis and wife to the plaintiff, and that the grant from the State be adjudged to inure to the plaintiff.

*Merritt E. Sawyer,* for the appellant.

*Arthur T. Hoffman,* for the respondents Annie Voorhis and Garrett E. Green.

*John M. Rider,* for the respondents M. Louise Salisbury, Jessie F. Salisbury and Alphina V. Salisbury, infants.

BARNARD, P. J. :

Peter Voorhis owned a lot of land in Nyack, Rockland county, bounded on the east by the Hudson river. On the 25th of April, 1872 he executed a mortgage, in which his wife joined, to the plaintiff to secure a loan of $40,000. This mortgage was foreclosed, and on the 9th of November, 1880, the premises mortgaged, except the portion previously selected, were sold under a decree in the foreclosure action. The plaintiff bought in the property for $10,000, and duly entered a judgment for the deficiency, which was $32,853.40, on the 9th of December, 1880. On the 30th day of November, 1872, Peter Voorhis applied to the Commissioners of the Land Office for a grant of land under water adjacent to this mortgaged property and also in front of two other pieces he owned adjoining the same. The grant was made upon the petition of Voorhis, that he was the owner of the upland and in occupation of the same, and that the grant was needed for the beneficial enjoyment of the adjoin-

ing uplands for shipping stone quarried on the uplands, and that the petitioner intended to build a dock for public steamboat uses and general purposes. Upon due publication of the notice of application the People of the State of New York granted the lands under water "for the purpose of promoting the commerce of our said State or for the beneficial enjoyment of the adjacent owner," on the 23d of July, 1873. Peter Voorhis died in the next year. The defendants are the heirs at law of the deceased. The question is what interest the facts gave the plaintiff in the lands under water in front of the mortgaged upland. A grant to any other person than the upland owner is void. (Chap. 283, Laws of 1850.)

The appellant, Voorhis, was the owner of the land up to the sale under foreclosure. Before that time the mortgage was simply a security. He had no other interest in the land than to be paid out of it. (*Morris* v. *Mowatt*, 2 Paige, 586 ; *Waring* v. *Smyth*, 2 Barb. Ch. 119 ; *Astor* v. *Miller*, 2 Paige, 68 ; *Astor* v. *Hoyt*, 5 Wend. 603 ; *Gardner* v. *Heartt*, 3 Den. 232 ; *Calkins* v. *Calkins*, 3 Barb. S. C. Rep. 305.) The description in the mortgage did not include the lands under water. When it was given Voorhis the mortgagor had no interest in it. The lands belonged to the State. (*People* v. *Canal Appraisers*, 33 N. Y. 461 ; *Ledyard* v. *Ten Eyck*, 36 Barb. 102.)

The Court of Appeals, in *Gould* v. *H. R. R. R. Co.* (6 N. Y. 522), held that the owner of the upland had no other right than all others in the lands under water, and while this principle is questioned in *Rumsey* v. *New York & New England R. R. Co.* (133 N. Y. 79), no question is made as to the title being in the People as to lands between high-water mark and under water. (*Rumsey* v. *N. Y. & N. E. R. R. Co.*, 114 N. Y. 423 ; *People* v. *New York & S. I. Ferry Co.*, 68 id. 71 ; *Blakslee M. Co.* v. *B. S. Works*, 129 id. 155.)

The foreclosure sale did not, therefore, extend a title in lands not covered by it. The mortgaged lands were not extended by the mortgage, being on tide water, as the lands under water then belonged to the sovereign. The title Voorhis took was absolute and unconditional. (*Abbott* v. *Curran*, 98 N. Y. 665.)

The patentee being the owner of the upland thereof, got a good title, and if any right was obtained by the foreclosure sale it was a

right to sue for damages for an injury to the right of the upland to go to the river. This right was destroyed by the upland owner himself and the mortgagee got the land covered by the mortgage.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.