ROSALIE ADELE OAKLEY, Respondent, *v.* JOHN LYON GARDINER and Another, Appellants, Impleaded with OLIVER L. JONES and Others.

*Boundary of territorial jurisdiction between the counties of New York and Kings — boundary of Long Island City.*

The boundary of territorial jurisdiction between the counties of New York and Kings is the actual line of low water on the Brooklyn side, whether corresponding with the original low-water line or changed by the construction of piers and docks, and the same rule is applicable to Long Island City, the intention of the Legislature being that the westerly line of the improvement district should correspond to the westerly boundary line of the city, as it should exist at the time of the filing of the commissioners' map in accordance with the statute.

APPEAL by the defendants, John Lyon Gardiner and another, from an interlocutory judgment, in partition, of the Supreme Court, entered in the office of the clerk of the county of Queens on the 23d day of May, 1893, upon the report of a referee, with notice of

an intention to bring up for review on such appeal the order confirming the referee's report, and also the report of the said referee.

The real estate which is the subject of this action is situated in Long Island City, and in the year 1888 a portion thereof was sold for the non-payment of assessments levied thereon to pay for certain street improvements. After the commencement of this action the parties entered into a stipulation that a receiver be appointed of the property so sold, with authority to redeem the same, and to borrow upon his certificates the money necessary for such purpose, which certificates were to be a first lien upon the assessed property, and be first paid from the proceeds of the sale thereof.

Such certificates were issued and the property was redeemed, and the questions presented upon this appeal related to the lien of such certificates. Further material facts are stated in the opinion.

*J. Langdon Ward*, for the appellants.

*Thos. P. Wicks*, for the plaintiff, respondent.

*Evarts, Choate & Beman*, for defendants, respondents.

BROWN, P. J.:

The question presented for our decision is whether the pier and land under water upon the northerly side of Nott avenue, and immediately in front of lot 50, is a part of such lot and was subject to the lien of the assessments.

The land under water in front of the lot was granted to the parties to this action by the State in December, 1871. The northerly boundary of the improvement district begins at the intersection of the westerly boundary line of the city with a line drawn parallel with Nott avenue and 100 feet northerly therefrom. (Chap. 326, Laws 1874, § 1.)

The westerly boundary of the city is low-water mark on the east shore of the East river. (Chap. 461, Laws 1871, § 1.)

The pier in question was first constructed in 1877, and subsequently reconstructed and enlarged.

The appellants contend that the westerly boundary of the improvement district is the line of original low-water mark, while the respondent claims that it is the westerly line of the city, which advances into the river as docks, piers and other improvements are

constructed along the water front. It has been repeatedly decided that the boundary of territorial jurisdiction between the counties of New York and Kings is the actual line of low water on the Brooklyn side, whether corresponding with the original low-water line or changed by the construction of piers and docks. (*Tebo* v. *Brooklyn*, 134 N. Y. 341, and cases cited.)

And that rule is applicable to Long Island City. We are of the opinion that the Legislature intended that the westerly line of the improvement district should correspond to the westerly boundary line of the city as it should exist at the time the commissioners should, in accordance with the statute, file their map.

On December 6, 1877, the date of the filing of the map, the westerly line of the pier was substantially the same as it is now. The jurisdiction of the city extended to that line, and there was the westerly line of the improvement district.

The case of *Mut. Life Insurance Co.* v. *Voorhis* (71 Hun, 117) does not aid the appellants. A principle of public policy and public convenience underlies the decision in *Tebo* v. *Brooklyn* and kindred cases. The *Voorhis* case involved no public question. It related solely to the rights of private individuals, and there was no principle of law which could extend the mortgage to lands acquired by the mortgagor subsequent to the execution of the mortgage.

A part of the pier in question lies north of the northern boundary of the improvement district, and the appellants claim that such part is, by the judgment, declared to be subject to the lien of the receiver's certificates. The assessment could not extend beyond a line 100 feet north of the northerly line of Nott avenue, and the receiver's certificates attach to the same property. But I do not understand the judgment to extend the lien beyond that line.

The twenty-sixth paragraph of the judgment is as follows : " The holders of certificates  *  *  *  have a lien upon the portion of said property lying southerly of a line drawn parallel with Nott avenue and one hundred feet northerly therefrom  *  *  *  including the dock or pier extending from said property into the East river, together with all the right, title and interest of the parties hereto in, to and over the lands under and between high and low-water mark of the East river opposite the same *and southerly of the aforesaid line drawn parallel with the northerly side of Nott*

*avenue and one hundred feet northerly therefrom.*" The description is qualified by the last sentence, and the lien is limited to that part of the pier and land under water south of the north line of the improvement district.

The same qualification appears in the twelfth paragraph of the judgment declaring the extent of the lien of the assessments.

If, however, the form of the expression used is regarded by either party as equivocal or uncertain it can be corrected by motion made to the Special Term.

The judgment is affirmed, with costs to be paid by the appellants, with leave to either party to move at Special Term to make more definite the provision of the judgment relating to the extent of the lien of the certificates.

PRATT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs to be paid by appellants, with leave to either party to move at Special Term to make more definite the provisions of the judgment relative to the lien of the receiver's certificates.