(90 Misc. Rep. 466)

DIEFENDORF v. MERCANTILE LAND & IMPROVEMENT CO.

(Supreme Court, Equity Term, Kings County. May, 1915.)

MORTGAGES ⊚⟲131—PROPERTY COVERED—LANDS ACQUIRED FROM STATE.

    Where land under water has been acquired from the state by a mortgagor owning adjacent uplands, it is not subject to the mortgage lien.

    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 255–257, 261, 262, 265; Dec. Dig. ⊚⟲131.]

Action by Warren T. Diefendorf against the Mercantile Land & Improvement Company to determine whether land under water acquired from this state is subject to mortgage lien. Judgment for plaintiff.

William Beverly Winslow, of New York City (Oeland & Kuhn, of New York City, of counsel), for plaintiff.

Arthur C. Bostwick, of New York City (Augustus Van Wyck, of New York City, of counsel), for defendant.

BLACKMAR, J. The case of Mutual Life Ins. Co. v. Voorhis, 71 Hun, 117, 24 N. Y. Supp. 529, is a precedent for the case at bar. It has never been directly overruled. The plaintiff claims that its authority has been destroyed by subsequent decisions in the Court of Appeals. The question now before the court, viz., whether land under water acquired from the state by a mortgagor owner of the adjacent upland is subject to the lien of the mortgage, has been considered only in one other case so far as I know, and that is People's Trust Co. v. Schenck, 195 N. Y. 398, 88 N. E. 647, 133 Am. St. Rep. 807. In that case the plaintiff was the trustee under a mortgage issued by a railroad company to secure an issue of bonds. Part of the land described in the mortgage was upland adjacent to tide waters. The grant in the mortgage included all property thereafter acquired "in connection with the construction, operation, or maintenance * * * of the said railroad, * * * or as convenient or necessary for the uses or purposes thereof." After the making of the mortgage, the mortgagor, as adjacent owner, obtained a grant of land under water from the commissioners of the land office. The court held that such after-acquired land passed under the quoted clause in the mortgage. The court adverted to the exclusive right of the owner of the upland to receive a grant of land under water adjacent thereto from the commissioners of the land office as a consideration "which militated in favor of the plaintiff's contention." This is far from overruling the Voorhis Case, which was cited in the brief of the appellant. A decision like that in the Voorhis Case, which establishes rules upon which rests the title to real property, should be followed until overruled by a court of equal or greater dignity, either expressly or by a decision necessarily inconsistent with it.

I also think that on principle the land is not subject to the lien of the mortgage. The mortgagor did not own it when the mortgage was made. Speaking accurately, he had no right to acquire it. The statutes made him, as owner of the adjacent upland, competent to receive

⊚⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a grant from the commissioners of the land office, and that is all. Riparian rights are something very different. They existed before the law, which was passed in 1786, authorizing the commissioners to convey land under water to the owners of the adjacent upland for the purposes of commerce. Riparian rights are right of access to the water, including the right to wharf out. Obviously, the reason why the power of the commissioners of the land office was limited to grants to the proprietor of the adjacent upland was because such owner already had certain riparian rights inconsistent with the full enjoyment by any one else of the fee of the land under water, and because the adjacent owner could make better use of such land for purposes of commerce than any one else. The competency of the owner to receive the grant is not, strictly speaking, a right at all. The owner had no control of it; he could neither sell it, release it, nor divest himself of it. If he sold the land to another, the sale did not carry any right or privilege. The new owner became competent to receive the grant by the terms of a statute, and not because of anything, in that respect, that passed from the original owner to him. Beyond question, the Legislature could repeal the law authorizing the commissioners to grant land under water. If it were a property right, that could not be done. The mortgage did not make the mortgagee a "proprietor," and so competent to receive the grant, for, under our law, a mortgage is a lien only and not an estate in lands.

As the mortgage did not include a right to acquire the land, it did not cover the land when acquired. If the riparian rights, which were mortgaged with the land and will pass under the sale in foreclosure, have been impaired by the sea wall and back-filling on the land under water, either the mortgagee, or the purchaser under foreclosure, presumably has his remedy to protect these rights. The judgment should provide that the lands under water, as described in the grants from the commissioners of the land office, are not subject to the lien of the mortgage, and should decree the sale of the land by the description contained in the mortgage. Settle judgment and findings on notice. Costs to plaintiff, except a trial fee, which is awarded to defendant.

Judgment accordingly.