JULIAN P. FAIRCHILD and Others, as Permanent Receivers of ATLANTIC DOCK COMPANY, Plaintiffs, *v.* UNION FERRY COMPANY OF NEW YORK AND BROOKLYN, Defendant.

(Supreme Court, Kings Special Term, December, 1921.)

Venue — change of place of trial — land under water — boundary line between New York and Kings counties is actual line of low water on Brooklyn side — where property situate in two counties action may be brought in either county — Civ. Pr. Act, § 183.

The boundary between the counties of New York and Kings is the actual line of low water on the Brooklyn side whether corresponding with the original low water line of the East river shore or varied by permanent encroachment of docks, piers and wharves.

A complaint after describing water front property located at and in the vicinity of the foot of Hamilton avenue, borough of Brooklyn, owned by plaintiffs and defendant, respectively, alleged that defendant maintains a ferry house and appurtenances at the foot of the avenue, and that the rack on the southerly side of its ferry slip was within ten feet of plaintiffs' pier, that defendant's structures deprived plaintiffs of the use of their bulkhead and along the northerly side of their pier and that said structures constitute a public nuisance which particularly injures and violates plaintiffs' property rights. *Held,* that under the decisions establishing the boundary line between the counties of New York and Kings, plaintiffs' bulkhead and pier are in Kings county and the land under water in the southerly view of defendant's ferry slip and on and over which its rack is maintained in New York county.

Both properties together are to be regarded as the "subject of the action" within the meaning of section 183 of the Civil Practice Act and the venue of the action is properly laid in Kings county. A motion by defendant for an order changing the venue to New York county, based upon the provisions of said section 183, denied.

. MOTION for change of place of trial.

Cullen & Dykman (Francis L. Durk, of counsel), for plaintiff.

Forster, Hotaling & Klenke (George P. Hotaling, of counsel), for defendant.

DIKE, J. The motion of the defendant herein is for an order changing the venue to New York county from Kings county, and is based upon provisions of section 183 of the Civil Practice Act, formerly section 982 of the Code of Civil Procedure.

The complaint after describing the water front properties owned by the plaintiffs and defendant respectively, which are located at and in the vicinity of the foot of Hamilton avenue, borough of Brooklyn, alleges that the defendant maintains a ferry house

and appurtenances at the foot of said avenue, and that the rack on the southerly side of its ferry slip was within ten feet of plaintiffs' pier, that defendant's structures deprive the plaintiffs of the use of their bulkheads and along the northerly side of their pier and that these structures constitute a public nuisance which particularly injures and violates plaintiffs' property rights. Judgment is demanded that defendant be enjoined from maintaining the rack, ferry house and appurtenances alongside and in front of plaintiff's bulkhead and pier, and also asking for damages.

It is established by a large number of cases that the boundary between the counties of New York and Kings is the actual line of low water on the Brooklyn side, whether corresponding with the original low water line of the East river shore or varied by permanent encroachment of docks, piers and wharves. *Orr* v. *City of Brooklyn,* 36 N. Y. 661; *Atlantic Dock Co.* v. *City of Brooklyn,* 3 Keyes, 444; *Tebo* v. *City of Brooklyn,* 134 N. Y. 341; *Oakley* v. *Gardiner,* 78 Hun, 138. Under these decisions plaintiffs' bulkhead and pier are in Kings county, and the land under water in the southerly view of defendant's ferry slip and on and over which its rack is maintained is in New York county.

The facts of the situation are not sufficiently disclosed upon this motion for the court to determine whether or not the ferry house and other structures of which plaintiffs complain are, under those decisions, in New York county. It will be sufficient, however, for the purpose of argument, that all of defendant's structures are in that county.

Section 183 of the Civil Practice Act reads as follows:

" Place of trial of real property action.

" Each of the following actions in the supreme court must be tried in the county in which the subject of the action or some part thereof is situated:

" 1. An action of ejectment;

" 2. For the partition of real property;

" 3. For dower;

" 4. To foreclose a mortgage upon real property, or upon a chattel real;

" 5. To compel the determination of a claim to real property;

" 6. For waste;

" 7. For a nuisance;

" 8. To procure a judgment directing a conveyance of real property;

" 9. Every other action to recover or to procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real."

The phrase " subject of the action or some part thereof " as used in this section means the real property concerning which judgment may be rendered in the action. The gravamen of the cause of action alleged in the complaint is that the proximity of the ferry structures maintained by the defendant interferes with the access to plaintiffs' pier and bulkhead. The relative rights as to the uses of real properties adjacent or in proximity to each other are involved and consequently both properties will be affected by the judgment.

It seems to me, therefore, that both properties together are to be regarded as the " subject of the action," within the meaning of section 183 of the Civil Practice Act, and that the action may be properly brought in the county in which either property is located. *Litchfield* v. *International Paper Co.*, 41

App. Div. 447; *Smith* v. *Van Veghten,* 184 id. 813. The case of *Horne* v. *City of Buffalo,* 49 Hun, 76, to which the attention of the court is called by defendant's counsel, although an action for nuisance, was not an action relating to real property and it would ,seem that the majority of the justices did not concur in the opinion therein. Plaintiffs' real property is located in Kings county and, being a part of the subject of the action, the venue is properly laid in that county.

Motion denied, with ten dollars costs.