W. SCOTT ROOT, Appellant, *v.* JOHN B. CONKLING, Respondent.

Third Department, December 28, 1921.

Easements — creation — easement will not be implied where premises upon which it is sought to be imposed were conveyed prior to conveyance of premises benefited — burden of proof rests upon person seeking to create easement by implication — suit to impose easement upon defendant's land of furnishing outlet for plaintiff's sewage and to restrain defendant from interfering therewith — equity justified in refusing relief where plaintiff permitted burden upon sewer to be increased to prejudice of defendant's rights — grant in plaintiff's deed of "appurtenances" did not give right over defendant's land where public sewer available in front of plaintiff's land.

An easement will not be implied where the premises upon which it is sought to be imposed were conveyed by the common owner prior to the conveyance of the premises benefited.

The tendency of the courts is to discourage implied grants of easements, especially in urban communities, and the burden of proof rests with the person asserting it to show the existence of all the facts necessary to create by implication an easement appurtenant to his estate.

Accordingly, the plaintiff is not entitled to relief in a suit to establish an easement in a sewer running from plaintiff's lot across defendant's lot and connecting with a public sewer and for a permanent injunction to restrain defendant from interfering. therewith, where it appears that the sewer was built by a common owner; that defendant acquired title from a common owner before the plaintiff acquired title to his lot, and that the sewer was of a temporary character and its existence unknown to the parties for a long time after they acquired title.

Furthermore, the fact that the plaintiff increased the burden on the sewer by excessive use on his part and by permitting, or at least not preventing, an adjoining owner from connecting with the sewer, to the prejudice of the rights of the defendant, is sufficient to justify the court in denying relief.

It was entirely practicable for the plaintiff and his predecessors in title to connect with a public sewer which was constructed in front of his lot a short time after the sewer in question was laid down, and before either party acquired title, and so the plaintiff did not acquire any rights in the sewer through defendant's lot by the grant in his conveyance, which was by metes and bounds, of " the appurtenances thereunto belonging," as nothing passes outside the limits of the grant by the use of the word " appurtenances," except such incorporeal easements or rights or privileges as are strictly necessary and essential to the enjoyment of the estate granted; a mere convenience is not sufficient to thus create such a right or easement.

APPEAL by the plaintiff, W. Scott Root, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Otsego on the 5th day of January, 1920, upon the decision of the court, rendered after a trial without a jury at the Otsego Trial and Special Term, in a suit to establish an easement and for a permanent injunction restraining the defendant from interfering therewith.

*L. E. Walrath* and *N. P. Willis*, for the appellant.

*James J. Byard, Jr.*, for the respondent.

WOODWARD, J.:

There is no substantial disagreement about the essential facts in this case. One Beadle for some time prior to the year 1895 was the owner of two lots in the village of Cooperstown. One of these lots, now owned by the defendant, was located at the corner of Prospect place and Nelson avenue. The second lot was located immediately south of the above premises, and fronted upon Nelson avenue, and still farther to the south, and adjoining the Nelson avenue premises, was a residence now owned by parties by the name of Shipman. This property has no connection with the properties formerly owned by Beadle, and it is mentioned only because of an incidental involvement in the present controversy bearing upon the equities. In the year 1892 Beadle, the then owner of the Prospect place and the Nelson avenue properties involved in this controversy, constructed two houses, one upon each of such properties, and, as there was no sewer upon Nelson avenue at the time, he placed a four-inch tile pipe in the rear of the Nelson avenue house, leading north through the Prospect

place premises to Prospect place, where it connected with a sewer constructed by the village. Both houses were connected with this tile sewer. In the year 1894 the village authorities constructed a sewer main on Nelson avenue. Beadle died in the same year, leaving a last will and testament, under which Sophia B. Raymond became the owner of the two houses. On the 15th day of June, 1896, the said Sophia B. Raymond executed and delivered two mortgages, one on each of the two houses, to L. J. Arnold, and on the thirtieth of July, in the same year, Arnold assigned the two mortgages to G. P. Keese and C. T. Brewer, as executors, etc., who subsequently foreclosed the mortgage upon the Nelson avenue property, and bought it in at the sale, the deed being dated on the 30th day of December, 1898. The property was then sold to C. S. Johnston, trustee, by a deed bearing date of April 15, 1902, and Johnston conveyed to the plaintiff in this action on the 10th day of February, 1912.

On the 9th of September, 1898, Keese and Brewer, the assignees of Arnold, sold the mortgage upon the Prospect place house to the defendant, John B. Conkling, who went into immediate possession, as mortgagee in possession. On the 29th day of December, 1898, one day prior to the sale under the foreclosure action, through which sale the plaintiff secured title to the Nelson avenue property, the defendant in possession as mortgagee took a deed from Sophia B. Raymond, devisee under the Beadle will, having paid the difference between the purchase price and the mortgage, thus perfecting his record title in advance of that of Keese and Brewer as executors, which was the first remove from the united ownership of the properties in Sophia B. Raymond. There was, it would seem, no severance of the properties until the 29th day of December, 1898, on which day the defendant came into full ownership of his property by metes and bounds, and on the following day the plaintiff's predecessor came into a like ownership of the Nelson avenue property. Of course there could be no easement so long as the title to the property remained in a single owner (*Lampman* v. *Milks*, 21 N. Y. 505) and the law is well established that where the premises upon which the easement is sought to be imposed were conveyed by the owner prior to the conveyance of the premises

for whose benefit an easement was sought to be imposed no easement will be implied. (*Stuyvesant* v. *Early*, 58 App. Div. 242, 245; *Treadwell* v. *Inslee*, 120 N. Y. 458.) The tendency of the courts is to discourage implied grants of easements, since the obvious result, especially in urban communities, is to fetter estates and retard building and improvements, and is in violation of the policy of the recording acts. The burden of proof rests with the person asserting it to show the existence of all the facts necessary to create by implication an easement appurtenant to his estate. (9 R. C. L. 754.)

The evidence in this case clearly indicates that the sewer was of a temporary character, the very existence of which was unknown to the parties to this action for many years after coming into the ownership of their respective properties, coming to their attention only with the clogging of the same. It appears that the plaintiff has, by the rental of rooms in his house, increased the burden upon this temporary sewer, and that his neighbors on the south have attached their house to the same outlet without, so far as appears, any possible legal right. While the plaintiff claims that he has had nothing to do with the Shipmans attaching to the sewer it yet appears that he has done nothing to prevent it, and as the sewage from the Shipman premises comes upon the premises of defendant through the plaintiff's premises it must be obvious that the plaintiff cannot escape the equitable consequences of this invasion of the defendant's rights. Assuming that the plaintiff had the rights existing at the time of his purchase, as against the defendant, he clearly had no right to increase, or to permit of the increase, of the burden upon the sewer to the prejudice of the rights of the defendant, and this of itself would justify a court of equity in refusing relief.

From the time the village of Cooperstown constructed a sewer upon Nelson avenue in front of the plaintiff's premises in 1894, which was while the premises were in the possession and ownership of Sophia B. Raymond, there has been no legal necessity for the sewer involved in this controversy. It has been entirely practicable for the plaintiff and his predecessors in title to connect with this public sewer; and the rule is well established that where the property is conveyed by metes and bounds " with the appurtenances thereunto belonging "

nothing passes outside of the limits of the grant by the use of the word " appurtenances " except such incorporeal easements or rights or privileges as are strictly necessary and essential to the proper enjoyment of the estate granted. A mere convenience is not sufficient to thus create such a right or easement. (*Root* v. *Wadhams*, 107 N. Y. 384, 394, and authorities there cited.) That is the title presented by the plaintiff, and as it clearly appears that he did not get title to his premises until after the defendant came into the full legal ownership of his property there is no foundation for the claim that the defendant owes him the obligation of furnishing an outlet for his sewage under the circumstances existing.

The intelligent discussion of the court at Trial Term makes it unnecessary to go into this case further.

The judgment appealed from should be affirmed, with costs.

Present — JOHN M. KELLOGG, P. J., WOODWARD, COCHRANE, H. T. KELLOGG and VAN KIRK, JJ.

Judgment unanimously affirmed, with costs.