LOUISE VAN ROO, Appellant, *v.* ELIZABETH VAN ROO, Respondent.

Fourth Department, June 28, 1944.

*Goodman A. Sarachan* for appellant.

*William G. Easton* for respondent.

HARRIS, J. By suit in equity, the plaintiff-appellant prayed that the defendant-respondent be enjoined from using a portion of the plaintiff-appellant's property as a roadway and for damage for use.

From here on reference is made to the parties as appellant and respondent.

The respondent by her answer admitted the use of such premises as a driveway but claimed that she did so by an adverse user which had ripened into a prescriptive right. The appellant and the respondent own adjoining premises and the portion of the driveway in suit was used by the respondent as a means of entry to her premises. The court below found for the respondent as to adverse user and prescriptive right for such use during a sufficient period of time of occupancy by the respondent and her predecessor in title. There was no proof or finding of damage. Appeal has been taken to this court from the judgment entered below on the trial court's decision. The proof below was ample to sustain findings of open and notorious use of the portion of the driveway in question by the

respondent and her predecessor in title. On such proof, the trial court made findings of possession by the respondent and her predecessor in title under an open and notorious claim of title and user, and adverse to the appellant. Due to a finding by the trial court that the respondent did not have adverse possession for fifteen years (Civ. Prac. Act, § 34) because of an interference with her possession by the appellant, the court below found in favor of the appellant by "tacking" (as he termed it) onto her possession that of her predecessor in title (appropriate conclusions of law were made based on such findings). In order to decide whether or not the judgment should stand, it is necessary to examine the record to determine if the proof therein sustains the findings and conclusions of the trial court, and in doing so that proof is given the view most favorable to sustain the judgment.

The action was brought by service on the respondent January 17, 1942. Prior to October 27, 1925, one John Robb, who was the predecessor in title of both the respondent and the appellant in what is now their adjoining properties, had ownership of a large tract of land which contained these two parcels. On October 27, 1925, John Robb sold and transferred to one George Robb the southerly parcel now owned by the appellant who succeeded George Robb in title November 16, 1938. Intermediate the transfer of the southerly parcel by John Robb to George Robb, and the further transfer of such southerly parcel from George Robb to the appellant, John Robb died (September 20, 1926) and title to the northerly parcel passed on November 8, 1926, from his representatives to the respondent pursuant to a contract of sale made between respondent's husband and those representatives. The date of the deed of such northerly parcel to the respondent is February 4, 1927. The deed from John Robb to George Robb of the southerly parcel contained no reservations of any sort by the said John Robb and was a warranty deed in character. The two adjoining southerly and northerly parcels of land owned by the appellant and the respondent face a highway known as Mitchell Road, in the town of Greece, county of Monroe. For some years prior to the death of John Robb and during his ownership of both the southerly and northerly parcels and the other contiguous lands, there was an approach by a driveway from Mitchell Road across the southerly parcel now owned by the appellant and running onto the northerly parcel now owned by the respondent. After John Robb had transferred the southerly parcel to George Robb, he (John Robb) continued to use such

driveway to enter upon the northerly parcel where he had his family home. There is absolutely no proof that his use of such driveway was adverse to the ownership or against the wishes of his grantee George Robb, and from the fact that he gave to George Robb a warranty deed to the southerly parcel it must be inferred that he did not intend to violate the ownership and possession of his then grantee. (Jones on Easements, § 136, p. 111; *Frensdorf* v. *Stumpf*, 30 N. Y. S. 2d 211; *Harris* v. *Curtis*, 139 App. Div. 393, affd. no opinion 211 N. Y 573; *Burr* v. *Mills*, 21 Wend. 290.) Such user continued throughout the remainder of the life of John Robb and was further continued by the respondent. The portion of the driveway which crosses the southerly parcel is of small length. The appellant's deed and occupancy followed by more than eleven years the deed and occupancy of the respondent. During that period of more than eleven years, the southerly parcel, although owned by George Robb, was unoccupied. Following the deed to the appellant, she and her husband entered upon and occupied the southerly parcel and were on amicable terms with the respondent and her husband. The respondent developed a large poultry business on the northerly parcel and the driveway, including the portion on which it is claimed trespass has been committed, was used by the respondent and her husband and their trade and social visitors. In 1936 the respondent built another driveway on the northerly portion of her own land; so it is evident that the driveway in suit was not necessary to the respondent's use of her own property. Rather the driveway in question was continued in use as a convenience so that there could be a circle made about part of the respondent's premises. The respondent's husband died before the trial of this lawsuit. In the spring of 1941 the appellant objected to the further use of the portion of the driveway on her land by the respondent and erected stakes and fences which were removed by the respondent.

In order to affirm the judgment, it is necessary for us to say that for at least fifteen years during the user of the driveway in dispute by the respondent, either the respondent or her grantor of title (John Robb) had open, notorious, adverse, continuous and uninterrupted use of the portion of the driveway in question as against the rights of the appellant and her predecessor in title. (*Bushey* v. *Santiff*, 86 Hun 384; *Olofson* v. *Malpede*, 127 Misc. 813; *Sewall* v. *FitzGibbon*, 233 App. Div. 70.) The trial court has found that the user of the respondent was interrupted in 1941 by the appellant, and in order to

establish a prescriptive right by adverse user for a continuous fifteen years the trial court has "tacked" the use of that portion of the driveway by John Robb after he had transferred title of such southerly parcel to George Robb, the immediate predecessor in title to the appellant. As has been indicated above, that portion of the use which was by John Robb after his transfer to George Robb cannot be regarded as adverse to the title of George Robb, because there was no reservation to John Robb of the use of such driveway when he granted title of the southerly parcel to George Robb. The use by John Robb of the driveway, although open and notorious, must have been regarded as with the consent and by license of George Robb and not adverse to George Robb's title. The use of the portion of the driveway on the southerly parcel was not a matter of necessity for approach to and entry from the highway to the northerly parcel, for in more recent years the respondent was able to and did construct a road entirely on her own property from the highway. (*Bushey* v. *Santiff*, 86 Hun 384; *Belotti* v. *Bickhardt*, 228 N. Y. 296; *Root* v. *Conkling*, 199 App. Div. 90.)

The deed from the representatives of John Robb to the respondent was warranty in nature, described the northerly parcel, and contained the verbiage "Together with the appurtenances and all the estate and rights of the parties of the first part in and to said premises." The respondent contends that "appurtenances" include the use of that portion of the driveway which is on the lands of the appellant. Except for necessities, "appurtenances" include only that which is contained within the boundaries of the land demised. (*Belotti* v. *Bickhardt*, 228 N. Y. 296; *Frensdorf* v. *Stumpf*, 30 N. Y. S. 2d 211; *Root* v. *Conkling*, 199 App. Div. 90.)

There being available other means of approach from the driveway to the northerly parcel, that portion of the driveway on the southerly parcel was not a necessity to the use of the northerly parcel. Even if it were, John Robb had no right to deed the same after granting title to the southerly parcel without reservation to the appellant's grantor. In the contract of sale of the northerly parcel to the respondent's husband, which contract led to the transfer of title to the respondent, the only reference to "appurtenances" in such contract is in a paragraph which reads as follows: "A: fixtures including heating, lighting and plumbing, shades, linoleum on floors, and all regular appurtenances in and a part of said property to be left upon the premises." It is evident that in using the word "appur-

tenances '' in the contract of sale reference was made to such '' appurtenances '' as are contained within the premises described in the contract and in the deed; even if this were not so, we cannot say '' appurtenances '' include an easement outside of the boundaries of the property transferred unless there is some specific mention of such easement. (*Root* v. *Conkling,* 199 App. Div. 90.)

The court below has found that the respondent did not have an uninterrupted adverse use of the portion of the driveway which is on the appellant's premises. There could be no '' tacking '' of the right of John Robb, because John Robb had no prescriptive right by adverse user to the land in dispute, and because there is no privity of estate as to such land in dispute between John Robb and his representatives, on one hand, and the respondent, on the other hand. His representatives transferred by their deed only that which was contained within the boundaries contained in such deed and did not and could not have transferred an easement by adverse prescriptive use which John Robb himself did not hold. (*Rogoff* v. *Vanderbilt Sons Corp.,* 263 App. Div. 841, affd. 290 N. Y. 666; Jones on Easements, § 136, p. 111.)

The judgment below should be reversed and in its place judgment granted in favor of the appellant perpetually enjoining the respondent from trespassing on any and all of that portion of the driveway located on the southerly parcel and owned by the appellant.

Finding of fact numbered 8 and conclusions of law should be reversed and a new finding and conclusions made.

All concur. Present — CUNNINGHAM, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of the plaintiff with costs, perpetually restraining the defendant from trespassing on any or all of that portion of the driveway located on the parcel owned by plaintiff. Certain finding of fact and conclusions of law disapproved and reversed and new finding and conclusions made.