Francis J. Wojcieszak et al., Plaintiffs, *v.* Agnes D. Michno, Defendant.

Supreme Court, Erie County, November 29, 1949.

*Donald J. McCarthy* for plaintiffs.

*Walter J. Mahoney* for defendant.

Samuel J. Harris, Official Referee. This action has been brought for the purpose of determining the right to possess and use a strip of land some 18 inches in width which strip lies between the homes of the parties to this action. The plaintiffs claim the right to possess and use by reason of prescription and the defendant disputes that claim.

The premises owned by the plaintiffs are known as No. 56 Rees Street in the city of Buffalo and the record title of their

deed describes these premises as situate on the west side of Rees Street, commencing at a point 137.82 feet south of Bradley Street with a frontage of 26.51 feet. The defendant's premises are known as No. 54 Rees Street and by deed description, such premises commenced at a point 164.33 feet south of Bradley Street with a frontage of 30 feet. Such descriptions show that the south line of the plaintiffs' premises and the north line of defendant's property coincide. On each of the premises there is a house and between the two houses and running the length of the lot from Rees Street to the rear, there is a strip of about 31 inches wide. Eighteen inches of these 31 inches are within the deed description of the property at 54 Rees Street.

By deed dated September 9, 1901, and recorded September 12, 1901, one Jane Hodge took title to the premises now owned and occupied by the plaintiffs. Under date of February 10, 1915, Jane Hodge and her husband executed and delivered to one E. Joseph Diebolt a mortgage covering such premises and under date of May 12, 1916, the same mortgagor executed another mortgage on the same premises to Diebolt. By deed from the executor of the last will and testament of Jane Hodge dated May 28, 1921, and recorded May 31, 1921, title to the premises now those of the plaintiffs passed to Daniel Minehan and Mae E., his wife. The grantees, the Minehans, went into possession of the premises in May, 1921, and the occupancy of such premises by the Minehan family continued until the transfer of the title to the premises by referee's deed on foreclosure dated March 27, 1940, and recorded April 1, 1940. Such referee's deed resulted from the foreclosure of the two mortgages to Diebolt and by such deed title in the premises went to one Ruth Weinstein; she by warranty deed dated September 10, 1941, and recorded September 11, 1941, deeded the premises at No. 56 Rees Street to the plaintiffs in this action and they have been in possession of the same ever since. The Hodge, the Minehan and the referee's deeds all described No. 56 Rees Street by metes and bounds as above recited. By deed dated January 28, 1947, the defendant herein took title to the premises at No. 54 Rees Street with a 30-foot frontage on Rees Street.

In July, 1946, the occupants of the premises at No. 54 Rees Street built a fence along the line which marked the division by deed description between the properties at 54 and 56 Rees Street. Prior to the building of that fence and from the year 1917, the 31-inch strip between No. 54 and No. 56 Rees Street had been used by the owners and occupants of No. 56 Rees

Street as a means of ingress and egress to and from the rear of their lot and property at No. 56 Rees Street. At the time that the Minehans took title there was a wooden sidewalk on the strip of some 31 inches between No. 54 and No. 56 Rees Street and later the Minehans built on such strip a concrete walk which still remains. Outside of rare occasions when the owner of No. 54 Rees Street (the defendant's predecessor in title) went upon such strip to wash windows or to paint the wall on the north side of No. 54 Rees Street, there was absolutely no use of such strip by the owner and occupant of No. 54 Rees Street until the defendant erected a fence to which reference has been made. The erection of such fence prevented the plaintiffs from using the strip in question because the fence narrowed the portion of the strip on their property to such an extent that they no longer had ingress or egress thereby to the rear of No. 56 Rees Street. On Rees Street there are houses only on the west side thereof and for each of those houses the walk leading to the rear of the house is to the south of such house. From the proof I find that from 1917 to the erection of the fence in 1946 between No. 56 and No. 54 Rees Street, the use and occupancy by the owners of No. 56 Rees Street of the 18 inches was actual and under claim of right by such owners and occupants adverse to anyone else, and that there has been open, notorious, continuous and exclusive use and possession of such 18 inches between No. 54 and No. 56 Rees Street by the owners and occupants of No. 56 Rees Street (*Doherty* v. *Matsell*, 119 N. Y. 646), and I have come to the conclusion that at the time the title passed out of the Minehans and their representatives by reason of the foreclosure of the Diebolt mortgages, the Minehans had an easement by adverse possession of the 18 inches which lie between No. 54 and No. 56 Rees Street that are within the deed description to the defendant (Civ. Prac. Act, § 34).

Reference has been made by counsel to the opinion in *Van Roo* v. *Van Roo* (268 App. Div. 170). The facts in the *Van Roo* case (*supra*) and the questions involved therein as to " tacking " are not involved in the case at bar.

It having been determined that there had accrued to the Minehans, title by prescriptive right to the 18-inch strip in question, there now arises here the question as to whether the plaintiffs and their predecessor in title under the foreclosure sale gained under such foreclosure sale and foreclosure deed the right to continue use and possession of the 18-inch strip herein involved. After what I deem careful and diligent search I can

find no exact precedent to the questions involved herein. The question is what became of the right of prescriptive possession on the transfer of title by foreclosure? Did that right to possession and use of the strip pass with the foreclosure sale? Did it remain in those whose title was foreclosed or did it return to the owner of the premises at No. 54 Rees Street, the predecessors in title of the defendants? Counsel for the defendant cites certain authorities in this State as decisive on defendant's claim that the title to the strip did not pass by the foreclosure deed. Among such authorities cited on behalf of the defendant are section 1085 of the Civil Practice Act, *Packer* v. *Rochester & Syracuse R. R. Co.* (17 N. Y. 283), *Rector of Prot. Episcopal Church in City of N. Y.* v. *Mack* (93 N. Y. 488), *Title Guar. & Trust Co.* v. *New York Juvenile Asylum* (133 App. Div. 529), and *Frenstorf* v. *Stumpf* (30 N. Y. S. 2d 211). Such counsel argue from the authorities so cited that purchasers at foreclosure only take that which is owned or possessed by the mortgagor at the time of giving of the mortgage. Though in general this rule stated by the defendant's counsel is the law of this State, there are certain exceptions thereto. Reference is now made to these exceptions which are as follows: (a) mortgages which specifically include property to be afterward acquired; (b) by accession, to wit, additions made to the real property after its mortgage, are of such a nature that such additions become part of the realty, as when a building is erected on the property, fixtures attached thereto, and (c) accession of the appurtenances gained after mortgage by the mortgagor or his successors in interest before foreclosure, which appurtenances become necessary for the use and enjoyment of the mortgaged property, such as easements (see *Guaranty Trust Co. of N. Y.* v. *New York & Queens Co. Ry. Co.*, 253 N. Y. 190, and authorities therein cited). Practically all of the cases which have been discussed as to what is carried by the foreclosure sale in addition to the right belonging to the mortgagor at the time of the beginning of the mortgage have been in reference to foreclosures of trust mortgages on public utilities and similar properties. In this connection see article by H. E. Foley and L. W. Pogue on after-acquired property in reference to corporate mortgages (13 Minn. L. Rev. 81). In *Trust Co. of America* v. *City of Rhinelander* (182 F. 64, 70) there is a discussion along the line herein involved and there the court said: "But suppose the farmer obtains a right of way over his neighbor's land for the benefit of his own, would not the mortgagee take it on foreclosure as an

appurtenance? An affirmative answer is given in *Latta v. Catawba El. & Power Co.,* 146 N. C. 285, 59 S. E. 1028. If not it would become extinguished, and the servient estate freed from it.''

As hereinbefore stated, I have reached the conclusion that at the time that the mortgage was foreclosed the successor owner of the mortgage before such foreclosure had obtained the right of possession by prescription to the strip involved in this action. Such strip was necessarily valuable to the use of the occupant of the premises now owned by the plaintiff. To whom does the right and possession of such strip now belong? Did it pass to the grantee by foreclosure of the premises at No. 56 Rees Street? Did it return to the owner of the premises at No. 54 Rees Street? Did it remain in those who lost the equity of redemption by foreclosure? When the right to possession and use was taken by prescription, the owners at No. 54 Rees Street and their successors lost such right; the parties foreclosed could not use that right because they had lost the premises to which it was appurtenant. By the process of accession the right passed on the foreclosure sale to the use and enjoyment of the successor owners of the property foreclosed and is now in the plaintiffs.

*Frensdorf* v. *Stumpf* (30 N. Y. S. 2d 211, *supra*) does not benefit the defendant herein because in that case the court held that the easement, if there were one, was not necessary to the use of the land. *Mutual Life Ins. Co. of N. Y.* v. *Voorhis* (71 Hun 117) and similar cases are not pertinent because in those cases were involved waters adjoining upland and the grant of the use of such waters was personal to the grantee and under the statute could not pass from him.

I am satisfied that judgment should be granted to the following effect: (a) that the plaintiffs have an easement and right of way over and upon said strip of land for the purpose of ingress to and egress from the rear portion of their premises at No. 56 Rees Street; (b) that the defendant and her representatives be permanently enjoined and restrained from in any way obstructing or interfering with such right of way; (c) that defendant be directed to remove the wire fence and any other obstructions which would interfere with such right of way and use.