Anthony J. Di Giovanna, J.
This is a motion to vacate an entire Us pendens or so much thereof as affects four out of five lots. Plaintiff is the owner of a house. Next to his house and for a distance of about 100 feet was an open lot, undeveloped land. For over 20 years plaintiff took advantage of the situation and used a portion thereof to drive his automobile along the length of his house to the rear thereof where he garaged his automobile. The defendant recently purchased the undeveloped land and caused it to be divided into five separate lots and has commenced building construction so as to erect five one-family homes upon the premises.
This action was commenced to obtain a judicial declaration that plaintiff had an easement over the defendant’s land by reason of his use thereof for the period of over 20 years. With respect to that portion of the Us pendens that applies to the four lots not contiguous to plaintiff’s property, there is not the slightest doubt but that the Us pendens was improperly filed. Furthermore, there appears to be not the slightest doubt but that plaintiff has no easement over the defendant’s property at all. One does not obtain an easement by prescription merely because he uses another’s land for more than 20 years without objection. The use thereof must be in defiance of the owner’s right thereto. It must be an adverse possession. Nothing has been shown in any of the affidavits herein submitted that the plaintiff claimed the ownership of the land adversely to the owner or in any way acted with respect to the land to declare his easement therein except by the bringing of the instant action.
A further and more serious objection to the filing of the Us pendens against either the entire parcel or the separate lot abutting the plaintiff’s property arises from the language of paragraph “ fifth ” of the complaint wherein it was alleged: “ said driveway running alongside of plaintiffs’ house to their garage and has been used by plaintiffs and their predecessors *515 in interest continuously, openly and notoriously and under a claim of right for more than 20 years ’ ’ and paragraph ‘ ‘ sixth ’ ’ “ That said driveway has been so used by plaintiffs and their predecessors in interest as an entrance to and exit from their garage on their property and for all driveway purposes ’ ’, and paragraph “ seventh ” “ said use by plaintiffs and their predecessors in interest has always been a definite and well defined route. That said driveway is and always has been a roadway.”
In Van Roo v. Van Roo (268 App. Div. 170,173-175), the court said: “ that for at least fifteen years during the user of the driveway in dispute by the respondent, either the respondent or her grantor of title * * * had open, notorious, adverse, continuous and uninterrupted use of the portion of the driveway in question as against the rights of the appellant and her predecessor in title * * * The trial court has found that the user of the respondent was interrupted in 1941 by the appellant, and in order to establish a prescriptive right by adverse user for a continuous fifteen years the trial court has ‘ tacked ’ the use of that portion of the driveway by John Robb after he had transferred title of such southerly parcel to George Robb, the immediate predecessor in title to the appellant. * * * There could be no 1 tacking ’ of the right of John Robb, because John Robb had no prescriptive right by adverse user to the land in dispute, and because there is no privity of estate as to such land in dispute between John Robb and his representatives, on one hand, and the respondent, on the other hand. His representatives transferred by their deed only that which was contained within the boundaries contained in such deed and did not and could not have transferred an easement by adverse prescriptive use which John Robb himself did not hold.”
As can be seen from the foregoing law, the complaint is defective in that it fails to allege that the predecessors in title had a prescriptive right to user which was attempted to be transferred to the plaintiff by deed. Those facts would be necessary allegations in a complaint, but in any event the pleadings and the affidavits clearly show that the use by the plaintiff, while open and notorious, was not in exclusion of any of the rights of the defendant. His use for 20 years was gratuitous and should end there.
Submit order granting motion to strike the lis pendens on the entire premises from the record.