■ ANTHONY L. WATHLEY, Appellant, v. PAUL ROSEN, as Executor of MABEL R. RUSSELL, Deceased, et al., Respondents, et al., Defendants. ANTHONY L. WATHLEY, Appellant, v. GERTRUDE HUFCUT, Respondent.— In consolidated actions pursuant to article 15 of the Real Property Law, to establish a roadway easement by prescription and to enjoin interference therewith, the plaintiff in both actions appeals from a judgment of the Supreme Court, Dutchess County, entered July 19, 1962 upon the court's decision, after a nonjury trial before an Official Referee, which dismissed the complaint upon the merits. Judgment affirmed, with costs to defendants Rosen and Soukup only. In order to satisfy the 15-year prescriptive period, the plaintiff was required to establish "tacking". The learned Official Referee properly found that the evidence failed to establish either: (1) a continuous, adverse use of the roadway, under claim of right, by plaintiff's predecessors in title; or (2) any intent by such predecessors in title to convey any rights in the roadway to plaintiff and his wife (*Jacobs* v. *Lewicki*, 12 A D 2d 625, affd. 10 N Y 2d 778; *Van Roo* v. *Van Roo*, 268 App. Div. 170, affd. 294 N. Y. 731). Moreover, the proof failed to establish the essential continuous, exclusive and adverse use of the roadway, under claim of right, by the plaintiff himself (*Pirman* v. *Confer*, 273 N. Y. 357; *Belotti* v. *Bickhardt*, 228 N. Y. 296, 302). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins JJ., concur.

■ GEORGE M. WILLIAMSON, Respondent, v. DANIEL T. SMITH et al., Individually and Constituting the Board of Education of Consolidated Union Free School District Number Five, Town of Southold, Appellants, et al., Defendant.— In an action to recover damages, in which the amended complaint alleges for a third cause of action that all the defendants conspired to deprive plaintiff of the benefits of his employment contract with the defendant Board of Education and caused its premature termination, the board appeals from an order of the Supreme Court, Suffolk County, dated February 18, 1963, which denied its motion to dismiss as against it, for patent insufficiency, the said third cause of action (Rules Civ. Prac., rule 106, subd. 4). Order reversed, with $10 costs and disbursements; motion granted, and third cause of action dismissed as against the defendant board. In our opinion, the third cause of action, which is pleaded against both the defendant board and the defendant Allardt, Jr. (an architect), fails to set forth a cause of action for prima facie tort, intentional falsehood or conspiracy to induce a breach of the contract between the plaintiff and the board. Nor, in our opinion, does this cause of action allege facts sufficient to constitute a justiciable claim of any kind against the board. Christ, Acting P. J., Rabin and Hopkins, JJ., concur; Brennan, J., concurs in the result; Hill, J., not voting.